UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22329-CIV-TORRES

CONSENT CASE[1]

IRIS MURTAGH BAKER,

    Plaintiff,

vs.

EAST RIDGE RETIREMENT VILLAGE, INC., and JOSEPH KENNETH CORMIER,

    Defendants.

_____/

**ORDER SETTING CIVIL TRIAL DATE, PRETRIAL SCHEDULE, AND REQUIRING MEDIATION**

A jury trial in this case is hereby scheduled and shall be specially set to commence on **August 19, 2019 at 9:00 a.m.** before Edwin G. Torres, United States Magistrate Judge, in the James Lawrence King Federal Justice Building, 99 Northeast 4th Street, Tenth Floor, Courtroom 5, Miami, Florida 33132.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    A Pretrial Conference shall be held in this action on **August 14, 2019 at 2:30 p.m.** No calendar call will be necessary.

---

[1] The parties have stipulated to the full exercise of jurisdiction by the undersigned Magistrate Judge to conduct any and all further proceedings in this case, including trial.

2. Every motion filed in this case shall attach one proposed original order granting the motion. The order shall contain the up-to-date service list (names and addresses) of all attorneys in the case. In light of the district court's new computerized filing program CM/ECF, the proposed order should be attached as an exhibit to the motion and docketed on the system.

3. Counsel must meet no later than thirty days before the start of trial to confer on the preparation of a Pretrial Stipulation. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, *not to exceed one short paragraph per litigant claim*, to be read as an introduction for voir dire examination. The Court will not accept unilateral Pretrial Stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4. For a jury trial, the parties shall submit joint proposed jury instructions on or before the first day of trial. The Court does not require the filing of proposed voir dire questions, although either party may file such a request before the date of the pretrial conference if they choose. For specific directions regarding the Court's

voir dire /jury selection process and the preparation of jury instructions, the Court refers the parties to the provisions of the Court's Order on Trial Instructions entered contemporaneously with this Order.

     5.     For a bench trial, each party shall file Proposed Findings of Fact and Conclusions of Law on or before the first date of the trial. Proposed Findings of Fact shall be supported by citations to the documentary evidence, if applicable. Conclusions of Law shall be supported by citations of authority. Paper copies shall be delivered to Chambers at the time of filing, together with an electronic version in Corel WordPerfect format (version 10.0 or greater), addressed to the Court's CM/ECF mailbox, torres@flsd.uscourts.gov.

     6.     If deposition transcripts will be used at trial, the parties shall comply with the following guidelines:

          a.     Ten business days prior to the date of the pretrial conference Plaintiff shall serve designations of any deposition transcripts it intends to use at trial. Three business days later, Defendant shall serve its counter-designations, together with any objections to Plaintiff's designations. Three business days later Plaintiff shall serve any rebuttal designations, together with any objections to Defendant's counter-designations. By the time of the pretrial conference, Defendant shall serve any objections to Plaintiff's rebuttal designations. The Court may entertain arguments on any objections to the designations at the pretrial conference.

b. By the date of the pretrial conference, the parties shall prepare and jointly file one transcript for each deposition to be used during trial. The parties shall edit the transcript, using a mini-transcript preferably, to remove all irrelevant, extraneous and unnecessary pages. Each portion of the testimony designated shall be bracketed to indicate beginning and end. A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript. In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript. The parties may either write their objections in the margins, or use logical abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay). If the parties use abbreviations, the notice of filing must include a key for the Court's reference.

7. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which trial is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances and, most likely, only if there is agreement of the parties as the trial date in this Order is specially set at the parties' request.

8. The following timetable shall govern the remaining pretrial procedures in this case. This pretrial schedule shall also not be modified absent agreement of the parties or, if no agreement, compelling circumstances. All motions for an

enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable. Failure to include such a statement may be grounds for denial of the motion.

## Pretrial Deadlines and Trial Date

| | |
|---|---|
| February 19, 2019 | All motions to amend pleadings or join parties are filed. |
| March 5, 2019 | Parties exchange expert witness summaries and reports required by Local Rule 16.1.K. |
| April 4, 2019 | Parties exchange rebuttal expert witness summaries and reports required by Local Rule 16.1.K. |
| March 22, 2019 | Deadline for supplementation of discovery under Rule 26(e). |
| April 19, 2019 | All discovery, including expert discovery, is completed. |
| May 22, 2019 | Parties to have completed mediation. |
| May 20, 2019 | All pre-trial motions other than motions *in limine* are filed. |
| July 8, 2019 | Pre-trial motions *in limine* shall be filed. |
| August 9, 2019 | Joint Pretrial Stipulation shall be filed. |
| August 14, 2019 | Pretrial Conference (and completion of deposition designation process outlined above). |
| August 19, 2019 | Beginning of Trial (and filing of proposed jury instructions/findings of fact and conclusions of law). |

9.  In order to facilitate the accurate transcription of the trial proceeding, the parties shall provide to Maedon Clark, the Court's Courtroom Deputy, at 301

North Miami Avenue, Third Floor, Room 392, Miami, Florida 33128, a copy of a) the witness and exhibit lists, b) a designation of unique proper nouns/names which may be used at trial, and c) a list of the names of all attorneys who will participate in the trial, to be received no later than the first day of trial.

10. If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5750 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such stipulation and order must be filed within twenty (20) days of notification of settlement to the Court.

11. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, hearing a motion, or trial. See Fed. R. Civ. P. 29. Stipulations that would so interfere may be made only with the Court's approval. The parties shall not file any discovery materials unless necessary to support a discovery motion, as required by Local Rule 26.1(b)-(c).

12. The parties are referred to mediation in accordance with Local Rule 16.2, but the parties shall complete mediation by the date set forth herein. The parties shall notify the Court of the results of the mediation (settled, impasse or adjourned to continue discussions) within five (5) days of the conclusion of the mediation.

13. This Order is intended to supplant the requirements of Fed. R. Civ. P. 26(a)(3), and any Local Rule inconsistent with the schedule set forth herein. Any private agreement, suggested or proposed Rule 16 scheduling conference agreements between counsel, Rule 16 scheduling order, or orders of the court attempting to set dates contrary to this order are hereby **STRICKEN** and **VOID**.

**IT IS FURTHER ORDERED** that failure to comply with this or any Order of this Court, the Local Rules, or any other applicable rule may result in sanctions or other appropriate actions. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of August 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE